

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Hon. W. P. Sexton
County Attorney
Orange County
Orange, Texas

Dear Sir:

Opinion No. O-1162
Re: Under the facts set forth, is
the sheriff or justice of the
peace entitled to the 5% com-
mission?

Your request for opinion upon the above stated ques-
tion has been received by this department.

We quote from your letter as follows:

"A Justice of the Peace collected 32 fines
of $25.00 each for the State of Texas, reported
the collections, remitted $21.25 in each case to
the State Treasurer and paid 10% of each fine to
the County Attorney and 5% of each fine to the
Sheriff. Later on the J. P. decided that under
Art. 951 of the 1925 Statute he, the J. P. was
entitled to the 5% commission as he had collected
and reported and accounted to the State for 85%
of each fine and later held out of collections
for the Sheriff the 5% formerly paid such sheriff.

"Now the sheriff claims he is entitled to
the 5% commission although the J. P. collected,
reported and accounted for all the money he re-
ceived in such fines.

"Please advise me as to which is entitled
to the 5% commission, the sheriff or the justice
of the peace."

Article 950, Code of Criminal Procedure of Texas,
reads as follows:

"The district or county attorney shall be entitled to 10% of all fines, forfeitures or monies collected for the State or county, upon judgment recovered by him; and the clerk of the court in which said judgments are rendered shall be entitled to 5% of the amount of said judgment, to be paid out of the amount when collected."

Article 951, Code of Criminal Procedure of Texas as amended by the Acts of the Forty-first Legislature, p. 240, ch. 105, sec. 1, 1929, reads as follows:

"The sheriff or other officer, except a justice of the peace or his clerk, who collects money for the State or county, except a jury fee, under any provision of this code, shall be entitled to retain 5% thereof when collected." (Underscoring ours).

This department has repeatedly ruled that a justice of the peace is not entitled to retain 5% commission on fines collected. We respectfully refer you to the following opinions of this department with reference to same; to-wit:

Opinion written by Hon. James N. Neff, Assistant Attorney General, addressed to W. E. Yancy, County Auditor, Tarrant County, Fort Worth, Texas, dated December 1, 1937, and an opinion written by Hon. Joe J. Alsup, Assistant Attorney General, addressed to Mr. R. A. Courtney, County Auditor, Lufkin, Texas, and dated December 18, 1936.

Opinion No. O-626 of this department holds that the sheriff is entitled to 5% commission on fines in such instances only as such fines are collected by the sheriff.

Therefore, you are respectfully advised that it is the opinion of this department, that under the situation outlined in your letter and under the law, the justice of the peace would not be entitled to 5% commission on fines collected by the justice of the peace.

Hon. W. P. Sexton, page 3

        You are further respectfully advised that it
is the opinion of this department, that the sheriff would
be entitled to 5% commission on fines in such instances
only as such fines were collected by the sheriff.

        Trusting that this satisfactorily answers your
inquiry, we are

                                        Yours very truly

                                   ATTORNEY GENERAL OF TEXAS


                              By      (Signed)
                                         Wm. J. Fanning
                                         Assistant

WmJF:ob

APPROVED JUL 28, 1939

(Signed) W. F. Moore                    Approved
FIRST ASSISTANT                     Opinion Committee
ATTORNEY GENERAL                    By R. W. F. Chairman